IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WHOLESALE REAL ESTATE LLC,

               Plaintiff,

     v.

FIRST HORIZON, a Division of First
Tennessee Bank N.A.; ROBERT J. HOPP &
ASSOCIATES, LLC, a Colorado Limited
Liability Company; and MICHAEL A. POPE,

             Defendants.

No. 03:13-cv-00619-HZ

OPINION & ORDER


James N. Esterkin
ESTERKIN LAW
210 SW Morrison, Suite 600
Portland, OR 97204

      Attorney for Plaintiff Wholesale Real Estate

/ / /
/ / /
/ / /
/ / /
/ / /


1 - OPINION & ORDER

Kimberly Hanks McGair
Trish A. Walsh
FARLEIGH WADA WITT
121 SW Morrison Street, Suite 600
Portland, OR 97204

      Attorneys for Defendant First Tennessee Bank National Association

Michael A. Pope
6298 North Stafford Place
Boise, ID 83713

      Pro Se Defendant

HERNANDEZ, District Judge:

      Plaintiff Wholesale Real Estate filed this action in Multnomah County Circuit Court

seeking recovery of $102.001.00, plus interest, from Defendants because of an allegedly

fraudulent sale of property.  Defendants removed the action to this Court based on diversity

jurisdiction.  Plaintiff's Complaint alleges a violation of the Oregon Unlawful Trade Practices

Act ("UTPA") and based on that violation, a claim for money had and received.  Defendant First

Tennessee Bank National Association ("First Tennessee")[1] moves to dismiss both claims.  I grant

the motion in part and deny it in part.

## BACKGROUND

      The following allegations are taken from the Complaint.  On or about November 8, 2006,

a trust deed covering real property located at 16269 NE Eugene Court, Portland, Oregon, 97230,

further described as lot 11, block 5, Sandstone in the City of Gresham, County of Multnomah,

State of Oregon (the "Property") named First Tennessee as beneficiary.  Compl., ¶ 5.  On June

14, 2011, Defendant Michael A. Pope of Defendant Robert J. Hopp & Associates, LLC ("Hopp

---

[1] Although Plaintiff named the bank as "First Horizon, a Division of First Tennessee Bank
N.A.," the bank asserts it was improperly named and is appropriately referred to as "First
Tennessee Bank National Association."

2 - OPINION & ORDER

LLC") was appointed as successor trustee on that deed.  Id., ¶ 6.  On August 5, 2011, Pope

executed a notice of default and election to sell the Property.  Id., ¶ 7.  On January 12, 2012,[2]

Pope conducted an auction at which Plaintiff purchased the Property for $24,001.00 and paid the

sum at that time and place.  Id., ¶ 8.  Plaintiff alleges that Defendants failed to take certain

actions required by the Oregon Trust Deed Act.  Id., ¶¶ 9-11.  Plaintiff generally alleges that

Defendants "were aware that said sale would not operate to transfer any interest in the subject

real property to Plaintiff."  Id., ¶ 9.  Specifically, Plaintiff alleges that Defendants failed to notify

junior lienholders of the foreclosure, failed to record affidavits of validation and service, and

importantly, failed to issue a trustee's deed and further failed to refund the purchase price.  Id.,

¶¶ 9-12.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of the claims.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "All allegations of material

fact are taken as true and construed in the light most favorable to the nonmoving party."  Am.

Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002).  However, the

court need not accept conclusory allegations as truthful.  See Warren v. Fox Family Worldwide,

Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory

allegations which are contradicted by documents referred to in the complaint, and we do not

necessarily assume the truth of legal conclusions merely because they are cast in the form of

factual allegations") (internal quotation marks, citations, and alterations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the

"grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a

---

[2] Plaintiff's Complaint states the date of the auction as December 12, 2012. Defendant's motion
to dismiss corrects the date of the auction to January 12, 2012.  Plaintiff does not challenge this
correction in its Reply and is believed to assent to the correction of the date.

formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

DISCUSSION

Plaintiff's Complaint raises two claims. The first claim is a violation of the UTPA, Oregon Revised Statutes §§ (O.R.S.) 646.605-646.656. Although the Complaint is unclear as to the second claim, Plaintiff's response to the motion clarifies that the second claim is for money had and received. First Tennessee moves to dismiss both claims for failure to state a claim.

I. Oregon Unlawful Trade Practices Act Claim

Defendant argues that the UTPA claim must be dismissed because it was filed on March 4, 2013, more than one year after the allegedly unlawful conduct, which occurred in January 2012, O.R.S. 646.638(6) (actions must be brought within one year of the discovery of the unlawful practice), and because the actions challenged in the claim were performed only by the trustee, not by First Tennessee. Plaintiff concedes that the UTPA claim does not survive the

motion to dismiss as pleaded as against First Tennessee, but argues it should be given leave to amend. First Tennessee contends that any amendment would be futile and dismissal should be with prejudice.

In response to First Tennessee's argument that the claim must be dismissed because it fails to allege wrongful conduct attributable to the bank, Plaintiff argues that it believes the bank itself engaged in a fraudulent scheme with the trustee. Although First Tennessee suggests any such amendment would be futile, I dismiss the claim with leave to amend because at this juncture it is premature to assess the viability of Plaintiff's putative allegations.

As to the statute of limitations issues, Plaintiff argues that fraudulent practices by First Tennessee toll the statute of limitations. Plaintiff contends it will plead such fraudulent practices in an amended complaint. Although the argument is not clear, Plaintiff appears to suggest that in an amended complaint it will be asking this Court to equitably estop First Tennessee from invoking a statute of limitations defense based on First Tennessee's representations or conduct. See McCulloch v. Price Waterhouse LLP, 971 P.2d 414, 420-421 (Or. App. 1998) (court allowed for a delay of the running of the statute of limitations because the plaintiff reasonably relied on representations by the defendant); Donohoe v. Mid-Valley Glass Co., 735 P.2d 11, 12 (Or. App. 1987) ("under some circumstances, a defendant can be equitably estopped by verbal representations or conduct from invoking a statute of limitations defense").

First Tennessee argues that under the Oregon Trust Deed Act, Plaintiff should have been on notice by January 23, 2012 that the trustee did not execute and deliver the trustee's deed within ten days, as required by O.R.S. 86.755(3). First Tennessee Mem., p. 5. As such, First Tennessee contends that Plaintiff knew or should have known of the alleged UTPA violation no later than January 23, 2012 and that date, not a later date, started the statute of limitations. As a

result, First Tennessee contends that Plaintiff cannot amend its Complaint to state a viable UTPA claim.  Additionally, First Tennessee acknowledges the availability of applying equitable estoppel to a statute of limitations defense, but argues that, although estoppel is available, Plaintiff fails to allege any representations by First Tennessee to support that application here. While not entirely clear, it is possible to read the Complaint as alleging that Defendants acted together to deprive Plaintiff of the Property and/or the money it paid at the auction.  While some allegations are specific as to Hopp LLC and Pope, others include First Tennessee or are specific to First Tennessee.  Compl., ¶ 9 (alleging that Defendants were aware the sale would not transfer any interest to Plaintiff); Id., ¶ 12 (alleging that "Defendant [First Tennessee] continued to enforce rights under the trust deed against the obligors as if said foreclosure auction had never taken place"); Id., ¶ 13 (alleging that the conduct by Defendants in the Complaint was fraudulent as to Plaintiff).

While I agree with First Tennessee that specific allegations about the conduct it engaged in which Plaintiff alleges estops the application of the statute of limitations are missing from the Complaint, I also agree with Plaintiff that if it can state facts to support its allegations of fraudulent conduct inducing it to delay filing, amendment would not be futile.

The Complaint fails to state a UTPA claim against First Tennessee and I therefore dismiss it.  However, courts have recognized the use of equitable estoppel in this context and because Plaintiff may be able to plead a viable UTPA claim against this Defendant, I grant Plaintiff leave to amend.

II.  Money Had and Received Claim

Plaintiff also seeks relief based on a money had and received claim.  Plaintiff alleges that it paid for the Property at the January 12, 2012 auction and because it never received the trustee's

deed or a refund of the purchase price, First Tennessee improperly has its payment and

"continue[s] to enforce rights under the trust deed against the obligors as if [the] foreclosure

auction had never taken place." Id., ¶¶ 5, 8, 12.  First Tennessee argues that this claim should be

dismissed because the alleged action is the responsibility of the other Defendants.  I am not

persuaded by this argument.

First Tennessee contends that because the other Defendants are not agents of the bank,

there is no vicarious liability for their actions.  Even if that is the case, the Complaint raises a

money had and received claim against First Tennessee directly, without relying on any theories

of agency or vicarious liability.

> "An action for money had and received, although an action at law, is governed by
> equitable principles.  (Citations omitted.)  The action is liberal in form and greatly
> favored by the courts.  (Citations omitted.)  The generally accepted test which determines
> whether a recovery may be had is whether the defendant, in equity and good conscience,
> is entitled to retain the money to which the plaintiff asserts claim.  (Citations omitted.)
> As a general rule, a payment made under a mistake of fact which induces the belief that
> the other party is entitled to receive the payment when, in fact, the sum is neither legally
> nor morally due to him, may be recovered, provided the payment has not caused such a
> change in the position of the payee that it would be unjust to require the refund.
> (Citations omitted.)"

Rosenblum v. First State Bank of Elgin, 581 P.2d 515, 517 (Or. 1978) (quoting Smith v. Rubel,

13 P.2d 1078, 1079 (Or. 1932)).  Plaintiff argues that because First Tennessee accepted the

payment for the Property, has failed to refund that payment, and acted as though the foreclosure

never happened, and because Plaintiff has never received anything of value for that payment,

First Tennessee is not "entitled to retain the money to which the plaintiff asserts claim." Id.

First Tennessee argues that because it did not participate in any misconduct, the money had and

received claim is not proper against it.  The case cited by First Tennessee explains that a money

had and received claim

"may, in general, be maintained whenever one has money in his hands belonging to another, which, in equity and good conscience, he ought to pay over to that other. *Recovery in such case is based on a promise implied by law or quasi contract and on the equitable principle that one who has been unjustly enriched at the expense of another is required to make restitution.*"

Comcast of Or. II, Inc., v. City of Eugene, 209 P.3d 800, 809 (Or. 2009) (quoting Powell v. Sheets, 251 P.2d 108, 116-17 (Or. 1952)).  Because a claim for money had and received is appropriate when one party has money rightly belonging to another party and does not require a showing of wrongdoing, I am not persuaded by First Tennessee's argument.  I deny its motion to dismiss the money had and received claim.

CONCLUSION

Defendant's motion to dismiss [#7] is denied as to the money had and received claim and is granted with leave to amend as to the UTPA claim.

IT IS SO ORDERED.

Dated this ⬯ day of June, 2013.


MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER